*United States District Court*
*Southern District of Indiana*
*Laura A. Briggs,*
*Clerk of the Court*

105 U.S. Courthouse
46 East Ohio Street
Indianapolis, Indiana
46204

210 Federal Building
Terre Haute, Indiana
47808

101 Northwest MLK Boulevard
Evansville, Indiana
47708

121 West Spring Street
New Albany, Indiana
47150

August 28, 2008

FILED
J.N  9-2-08
SEP X 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

U. S. District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

RE: USA v. STEPHAN T. ALEXANDER, SR.
Cause Number: IP 01-CR-111-01-M/F
Your Cause Number: 08 CR 667

*Judge Darrah*
*Mag. Judge Ashman*

Dear Clerk:

Pursuant to 18:3605, the jurisdiction of the above named probationer is being transferred to your district.

Enclosed please find certified copies of the docket sheet, Indictment/Information, Judgment, and Transfer of Jurisdiction form.

Please acknowledge receipt on the copy of this letter.

Laura A. Briggs, Clerk

Tanesa R. Genier
Deputy Clerk

cc: USPO
     USA
     USM



**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS

FILE COPY

312-435-5698

**August 25, 2008**

Southern District of Indiana
105 Birch Bayh Federal Bldg and United
States Courthouse
46 East Ohio Street
Indianapolis, IN 46204

**FILED**

AUG 28 2008

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

Dear Clerk:

**Re: Stephen T. Alexander, Sr.**

Our Case Number: 08 CR 667

JUDGE'S COPY
SEP X 2 2008   JN
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding Stephen T. Alexander, Sr., which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:    /s/ Laura Springer
       Deputy Clerk

Enclosure

| OFFENSE | DIST | OFF | CUST | W | J | A | FILEDATE | NO.DEFS | MAG CASE NO | COUNTY | JUDGE | MAG. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Felony | 0756 | 1 | N/A | N | N | N | 09 21 01 | 1 | 01-0194M-01 | 88888 | 5608 | 56BA |

R

### I. CHARGES

1) 18:2423.F                                                OFF-LEVEL: 4
   Travel with Intent to engage in sexual activity with minor
   18:2423B.F
   COUNTS: 1,2,3
   DISPOSITION: Convicted; final plea of guilty
   Prison (mos):    088    Prison code:    C001    Sup. rel: 036
   Probation (mos): 000    Probation code:         Fine:    5000

2) 18:2252A.F                                               OFF-LEVEL: 4
   ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO
   COUNTS: 4
   DISPOSITION: Convicted; final plea of guilty
   Prison (mos):    088    Prison code:    C001    Sup. rel: 036
   Probation (mos): 000    Probation code: C001    Fine:    5000

### II. KEY DATES

| | | | |
|---|---|---|---|
| Key Date 1 : | 06/11/01 | Earliest of: | Appears - on Complaint |
| Key Date 2 : | 10/04/01 | Applicable : | Information (Felony w/Waiver) |
| Key Date 3a: | 10/04/01 | Applicable : | 1st appr.\pending charge/R40 |
| Key Date 3b: |          | Applicable : | |
| Key Date 4 : | 11/29/01 | Applicable : | Pled Guilty |

Closed Date:    12/05/01

### ATTORNEYS

U. S. Attorney or Asst.

STEVEN DEBROTA

Defense at filing:  (1)  CJA

WILLIAM H DAZEY JR
INDIANA FEDERAL COMMUNITY DEFENDERS
111 MONUMENT CIRCLE, #752
INDIANAPOLIS       IN   46204



CERTIFIED: A TRUE COPY
CLERK OR DEPUTY
LAURA A. BRIGGS, CLERK

UNITED STATES DISTRICT COURT DOCKET                    Date Printed: 08/28/08

(317)383-3520   Fax:(317)383-3525

UNITED STATES DISTRICT COURT DOCKET                    Date Printed: 08/28/08

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 06/08/01 | 1 | COMPLAINT & AFFIDAVIT Signed and Approved by U S Mag Judge Shields eod 06/11/01 [SWM] |
| 06/08/01 | 2 | WARRANT ISSUED by U S Mag Judge Shields eod 06/11/01 [SWM] |
| 06/11/01 | 3 | COURTROOM MINUTES of a hearing held before U S Mag Judge Shields eod 06/12/01 [SWM] |
| 06/11/01 | = | DEFT APPEARS IN PERSON AND w/FCD Bill Daizey eod 06/12/01 [SWM] |
| 06/11/01 | = | APPEARANCE FOR THE USA BY AUSA Stephen D DeBrota eod 06/12/01 [SWM] |
| 06/11/01 | = | USPO Represented by Thomas Parker eod 06/12/01 [SWM] |
| DELETED | *** | INITIAL APPEARANCE ON INDICTMENT/INFORMATION eod 06/12/01 [SWM] Deleted: Should have used initial complaint 06/18/01 [SWM] |
| 06/11/01 | = | CHARGES & RIGHTS and PENALTIES were read and explained eod 06/12/01 [SWM] |
| 06/11/01 | = | Govt. moves for Temporary Detention and same is granted eod 06/12/01 [SWM] |
| 06/11/01 | = | MATTER UNSEALED - Govt. moves to UNSEAL this case and substitute a redacted copy of the affidavit for the sealed copy and to keep the original sealed affidavit under seal. Same is granted eod 06/12/01 [SWM] |
| 06/11/01 | = | DEFT REMANDED TO CUSTODY of the U S Marshals pending further proceedings by the Court eod 06/12/01 [SWM] |
| 06/11/01 | = | COURTROOM MINUTES ASSIGNS HEARING to 06/15/01 at 03:30PM Room 238 (JPG) c/m (detention) eod 06/12/01 [SWM] |
| 06/13/01 | 4 | USM RETURN - Warrant executed on 6/11/01 eod 06/14/01 [SWM] |
| 06/11/01 | 5 | COURTROOM MINUTES - eod 06/18/01 [SWM] |
| 06/11/01 | = | INITIAL APPEARANCE ON COMPLAINT (see document #3) eod 06/18/01 [SWM] |
| 06/15/01 | 6 | COURTROOM MINUTES of a hearing held before U S Mag Judge Shields eod 06/18/01 [SWM] |
| 06/15/01 | = | DEFT APPEARS IN PERSON AND w/FCD Bill Dazey for a detention hearing eod 06/18/01 [SWM] |
| 06/15/01 | = | APPEARANCE FOR THE USA BY AUSA Stephen D DeBrota eod 06/18/01 [SWM] |
| 06/15/01 | = | USPO Represented by Thomas Parker eod 06/18/01 [SWM] |
| 06/15/01 | = | Deft. waives preliminary examination or hearing eod 06/18/01 [SWM] |
| 06/15/01 | = | Deft released and to report to the ND of Illinois Pretrial Svcs for home monitoring bracelet on 6/18/01 at Noon eod 06/18/01 [SWM] |
| 06/15/01 | = | DEFT REMANDED TO CUSTODY of the US Marshals for processing and than released pending further proceedings before the Court eod 06/18/01 [SWM] |
| 07/09/01 | 7 | MOTION FOR TIME TO file Indictment PARTIES eod 07/09/01 [CBU] |
| 07/11/01 | 8 | ORDER that an Indictment or Information be filed within 30 days of the date of this order cm KPF eod 07/12/01 [CBU] |
| 08/06/01 | 9 | MOTION FOR TIME TO file Indictment PARTIES eod 08/06/01 [CBU] |
| 08/07/01 | 10 | ORDER grants the time to file an indictment cm KPF eod 08/09/01 [CBU] |
| 09/06/01 | 11 | MOTION FOR TIME TO file indictment JOINT eod 09/06/01 [CBU] |
| 09/06/01 | 12 | ORDER grants the filing of the Indictment within 30 days of the date of this order cm KPF eod 09/07/01 [CBU] |
| 09/21/01 | 13 | INFORMATION FILED FELONY eod 09/24/01 [DLD] |
| 09/21/01 | 14 | PETITION TO ENTER A PLEA OF GUILTY eod 09/24/01 [DLD] |
| 09/21/01 | 15 | PLEA AGREEMENT eod 09/24/01 [DLD] |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 09/21/01 | 16 | CRIM INFO SHEET  eod 09/24/01 [DLD] |
| 09/21/01 | 17 | PRAECIPE for Summons eod 09/24/01 [DLD] |
| 08/24/01 | 18 | ENTRY ASSIGNS GLTY PLEA HRG to 10/04/01 at 11:00AM Room 202 (LJM) c/m  eod 09/25/01 [DLD] |
| 10/04/01 | 19 | ENTRY - Parties appear for plea hearing.  Plea hearing had and concluded. eod 10/04/01 [KJM] |
| 10/04/01 | = | ENTRY - Waiver of Indictment executed by deft and accepted by the Court. eod 10/04/01 [KJM] |
| 10/04/01 | = | ENTRY - Court finds guilty plea to be voluntarily and knowingly given and deft is adjudged guilty as charged. eod 10/04/01 [KJM] |
| 10/04/01 | = | ENTRY ASSIGNS SENTENCING DATE to 11/29/01 at 10:00AM Room 202 (LJM) c/m  eod 10/04/01 [KJM] |
| 10/04/01 | 20 | WAIVER OF INDICTMENT  eod 10/04/01 [KJM] |
| 10/10/01 | 21 | MOTION for Preliminary Order of Forfeiture. cs PLTF eod 10/10/01 [DLD] |
| 10/11/01 | 22 | ORDER approves the preliminary order of forfeiture. cm LJM eod 10/11/01 [DLD] |
| 11/29/01 | 23 | ENTRY - superseding plea agreement filed and accepted in open court. eod 11/29/01 [DLD] |
| 11/29/01 | = | SENTENCING HELD and concluded. J & C forthcoming. eod 11/29/01 [DLD] |
| 11/29/01 | 24 | PLEA AGREEMENT (Superseding) eod 11/29/01 [DLD] |
| 11/29/01 | 25 | JUDGMENT ENTERED COUNT/FINDING: Plead Guilty to Counts 1 - 4 (See Judgment for Title & Section) IMPRISONMENT: 88 months SUPERVISED RELEASE: 3 years Standard & Special conditions of Supervision - See Judgment ASSESSMENT: 400.00 FINE: 5000.00 cm LJM OBV 35 PG 227 eod 12/05/01 [DLD] |
| 01/30/02 | 26 | USM RETURN  eod 01/31/02 [DLD] |
| 02/13/02 | 27 | USM RETURN dated 02/12/02. eod 02/13/02 [DLD] |
| 03/20/02 | 28 | USM RETURN - notice of publication in the Court & Commerical Record on 01/25/02 eod 03/21/02 [DLD] |
| 03/21/02 | 29 | MOTION for final order on forfeiture. cs PLTF eod 03/21/02 [DLD] |
| 01/10/03 | 30 | USM RETURN - on materials dispose eod 01/13/03 [DLD] |
| 08/08/08 | 31 | USPO Petition to transfer jurisdiction of Supervised Release to the Northern District of Illinois. eod 08/08/08 [TRG] |
| 08/12/08 | 32 | TRANSFER OF JURISDICTION OF PROBATION (OUT) to Northern District of Illinois, letter sent. LJM eod 08/14/08 [TRG] |
| 08/25/08 | 33 | Copy of letter received from the Northern District of Illinois stamped with case number 08cr667.  Order accepting jursidiction not received. trg eod 08/27/08 [TRG] |
| 08/28/08 | 34 | ENTRY - receipt of certified copy of Probation Form 22 from USDC ND/IL.  Record sent. eod 08/28/08 [TRG] |

USPO
USM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | IP 01 - 111 CR    M / F |
| v. | ) ) | Cause No. IP 01-     -CR |
| STEPHAN T. ALEXANDER, SR., | ) ) | |
| Defendant. | ) | |

## INFORMATION

**Counts One Through Three**

**Traveling With Intent to Engage in Sexual Acts With a Minor**

The United States Attorney charges that:

On or about the dates listed below in each Count, within the Southern District of Indiana,

STEPHAN T. ALEXANDER, SR.,

defendant herein, traveled in interstate commerce for the purpose of engaging in any sexual act with a person under 18 years of age that would be a violation of chapter 109A of the United States Code if the sexual act had occurred in the special maritime and territorial jurisdiction of the United States, to-wit: on or about the dates listed below in each count, STEPHAN T. ALEXANDER, SR., then age 51, traveled from Chicago, Illinois to the motels in Indiana listed below for the purpose of engaging in a sexual act with Jane Doe, a person he knew to be a 15-year old minor.

| Count | Date of Travel | Destination |
|---|---|---|
| One | April 13, 2001 | Comfort Inn<br>Greenfield, Indiana |
| Two | May 2, 2001 | Super 8 Motel<br>Greenfield, Indiana |
| Three | May 9, 2001 | Super 8 Motel<br>Greenfield, Indiana |
| | | Comfort Inn<br>Greenfield, Indiana |

All of which is a violation of Title 18, United States Code, Sections 2423(b) and 2243(a) in each Count.

## Count Four

### Possession of Child Pornography

The United States Attorney further charges that:

From on or about May 9, 2001 to on or about June 15, 2001, within the Southern District of Indiana and elsewhere,

STEPHAN T. ALEXANDER, SR.,

the Defendant herein, knowingly possessed 1 or more books, magazines, periodicals, films, video tapes, or other matter which contained a visual depiction of a minor engaging in sexually explicit conduct, an image of child pornography that had been mailed, or had been shipped or transported in interstate or foreign commerce, or that was produced using materials that had been so shipped or transported, by any means, including a computer, to-wit: STEPHAN T. ALEXANDER, SR., knowingly possessed approximately 6 visual depictions of Jane Doe, a 15-year old minor, engaging in sexually explicit conduct as defined in Title 18, United States

2

Code, Section 2256, including visual depictions which are named as follows: cherry1.jpg, cherry2.jpg, cherry3.jpg, mypeople.jpg, mypeeps5.jpg, and william1.jpg.

All of which is a violation of Title 18, United States Code, Section 2252(a)(4)(B).

## **FORFEITURE ALLEGATION**

1. The allegations of this information are realleged as if fully set forth here, for the purpose of alleging forfeiture, pursuant to Title 18, United States Code, Section 2253.

2. If convicted of any of the offenses set forth above in Counts One through Four, the defendant shall forfeit to the United States any and all property used or intended to be used to commit or to promote the commission of the offense(s) of which the defendant is convicted. Such property includes, but is not limited to, the following specific items found in the defendant's possession in Indiana on or about June 7, 2001:

    a) One Micron Laptop computer

    b) One 8mm video camera

    c) A Polaroid camera

Such property also includes, but is not limited to, the following items found during a search of the defendant's Illinois residence on or about June 15, 2001.

    a) One computer labeled "Robos" containing 4 internal hard drives, monitor, keyboard, mouse, external modem and Internet camera.

    b) One Tiger Pro computer containing 3 internal hard drives, monitor, keyborad, switcher, external modem, docking station and mouse.

    c) One Dell Dimension XPS T500 computer containing 2 internal hard drives.

    d) One PCM Pentium/ 75 computer containing 2 internal hard drives.

e)  One PCM Pentium/ 75 computer containing 2 internal hard drives.

f)  One Hewlett Packard scanner

g)  Various computer disks and storage media, including Zip disks, floppy disks and compact disks.

h)  A blue box containing 8mm tapes.

i)  Various VHS tapes.

TIMOTHY M. MORRISON
United States Attorney

4

STATE OF INDIANA       )
                       )   SS:
COUNTY OF MARION       )

Steven D. DeBrota, being first duly sworn, upon his oath deposes and says that he is an Assistant United States Attorney in and for the Southern District of Indiana, that he makes this affidavit for and on behalf of the United States of America and that the allegations in the foregoing Information are true as he is informed and verily believes.

                                           Steven D. DeBrota
                                           Assistant United States Attorney

Subscribed and sworn to before me, a notary public, on this 20th day of September, 2001.

                                           Joseph G. Fetters
                                           Notary Public

My Commission Expires:

Feb. 24, 2007

My County of Residence:

MARION

5

USPO
USM
USA
DAZEY

# United States District Court

## Southern District of Indiana

UNITED STATES OF AMERICA
v.
**Stephan T. Alexander, Sr.**

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:01CR00111-001

William H. Dazey, Jr.
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1-4

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2423(b) | Interstate Travel with Intent to Engage in Unlawful Sexual Acts with a Minor | 04/13/2001 | 1 |
| 18 USC 2423(b) | Interstate Travel with Intent to Engage in Unlawful Sexual Acts with a Minor | 05/02/2001 | 2 |
| 18 USC 2423(b) | Interstate Travel with Intent to Engage in Unlawful Sexual Acts with a Minor | 05/09/2001 | 3 |
| 18 USC 2252(a)(4)(B) | Possession of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct | 06/05/2001 | 4 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

11/29/2001
Date of Imposition of Judgment

*Signature*
Signature of Judicial Officer

CERTIFIED: A TRUE COPY
CLERK OR DEPUTY
LAURA A. BRIGGS, CLERK

**Honorable Larry J. Mc Kinney, Chief Judge**
**U.S. District Court**
Name & Title of Judicial Officer

12/4/01
Date

OBV 35 PG 227

25

DEFENDANT: Stephan T. Alexander, Sr.
CASE NUMBER: 1:01CR00111-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons, to be imprisoned for a total term of __88__ month(s).

**Counts 1-3 - 88 months; Count 4 - 60 months, concurrent.**

[✓] The court makes the following recommendations to the Bureau of Prisons:

**That the defendant be incarcerated as near as possible to Chicago, IL until he becomes eligible to participate in the Sex Offender Treatment Program at FCI, Butner. At that time, the Court recommends the defendant be considered for participation in the Sex Offender Treatment Program. The Court further recommends that an outstanding fine balance not be considered as a factor to determine the defendant's eligibility for BOP programs.**

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
  [ ] at _____ a.m./p.m. on _____.
  [ ] as notified by the United States Marshal.

[✓] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  [ ] before 2 p.m. on _____.
  [ ] as notified by the United States Marshal.
  [✓] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

DEFENDANT: Stephan T. Alexander, Sr.
CASE NUMBER: 1:01CR00111-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3__ year(s).

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[✓] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[ ] If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), the defendant shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student. (Check, if applicable.)

[ ] If convicted of a domestic violence offense for the first time, the defendant shall attend a public, private, or non-profit offender rehabilitation program approved by the Court if an approved program is within a 50 mile radius of the defendant's residence. (Check, if applicable.)

[✓] The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).
The defendant shall also comply with the additional conditions on the attached page.

See Special Conditions of Supervision Sheet 3.01

## STANDARD CONDITIONS OF SUPERVISION

1.) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3.) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.) the defendant shall support his or her dependents and meet other family responsibilities;
5.) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10.) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11.) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12.) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13.) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| DEFENDANT: | Stephan T. Alexander, Sr. |
| CASE NUMBER: | 1:01CR00111-001 |

Judgment-Page 3.01 of 5

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any fine that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

2. The defendant shall provide the probation officer access to any requested financial information.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

4. The defendant shall submit to the search of his person, vehicle, office/business, residence and property, including any computer systems and its peripheral devices with the assistance of other law enforcement as necessary. The defendant shall submit to the seizure of contraband found by the probation officer. The defendant shall warn other occupants the premises may be subject to searches.

5. The defendant shall not possess or use a computer or other related hardware or software during the time of supervised release, unless approved by the probation officer. This restriction does not apply to the defendant's employment.

6. The defendant shall participate in a program of treatment for sex offenders, including periodic polygraph examinations, as directed by the probation officer

7. The defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school.

8. The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

9. The defendant shall not use or possess any equipment capable of recording visual images, such as still cameras and video cameras.

10. The defendant shall not have any unsupervised contact with any minor child unless approved by the probation officer.

DEFENDANT: Stephan T. Alexander, Sr.
CASE NUMBER: 1:01CR00111-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $ 400.00 | $ 5,000.00 | $ |

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including Community Restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| Totals: | $ | $ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement  $ _____

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ The interest requirement is waived for the  ☑ fine and/or  ☐ restitution

☐ The interest requirement for the  ☐ fine and/or  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Stephan T. Alexander, Sr.
CASE NUMBER: 1:01CR00111-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

　　☐ not later than _____ ; or
　　☐ in accordance with C, D, or E below; or

B ☑ Payment to begin immediately (may be combined with C, D, or E below); or

C ☐ Payments in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment; or

D ☐ Payments in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after release from imprisonment to a term of supervision; or

E ☑ Special instructions regarding the payment of criminal monetary penalties:

**Defendant to begin payment through the Inmate Financial Responsibility Program.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Defendant Name | Case Number | Joint & Several Amount |
|---|---|---|

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court